IN RICHMOND SUPERIOR COURT, JULY, 1832.

BANKS and BAIRD *vs.* CATER and DAVIES.

*Assumpsit, and Motion for New Trial.*

THIS action is brought to recover the price of fifteen hundred bushels of salt, alleged to have been sold by the plaintiffs to the defendants. In the declaration there are two counts, but so slightly variant, that they are in fact no more than the *indebitatus assumpsit* count for goods sold and delivered. There is not any date to the bill of particulars annexed, but the time of sale is stated in the declaration to have been on the first day of December, 1829. The process and service, both bear date on the 8th of the same month.

It was in proof at the trial, that a short time before that laid in the declaration, a contract was entered into between the parties for the sale, at fifty seven cents per bushel, of a quantity of salt then in a particular store, to which each party had occasional access; that the sale was on a credit of ninety days, and the price to be paid (as one of the witnesses testified) by a note or bill; that at the time of the contract there was neither a delivery of the salt, a memorandum made in writing, nor an earnest paid, but that shortly after the contract, a clerk of the defendants demanded and received from the plaintiffs' agent, the key of the store-house as the defendants' right, the purchase having entitled them to the sole access to, and control over, the salt; that soon afterwards the house was burnt, and the salt destroyed; that there was in it at the time of sale, from twelve to fifteen hundred bushels of salt, worth from fifty five to sixty cents per bushel; and that between the time of the contract and loss of the salt by fire, the plaintiffs commenced to measure the salt but desisted at the request of one of the defendants, for that he was too busy to attend to it that day.

A recovery was resisted, because, according to the testimony, the plaintiffs had no right of action at the time of action brought, the ninety days credit not having expired; and that if indeed the time had expired, the plaintiffs could not by

---

RICHMOND, July, 1832.

GLOVER *v.* WOOLSEY & Co.

An express contract of sale cannot be recovered, under a general *indebitatus assumpsit* count; it must be specially declared upon;

And where there was a sale of 1500 *bushels* of salt to be paid for at 90 days, it was held that action could not be brought on the contract until the expiration of the time.

RICHMOND,
July, 1832.

BANKS and
Another
v.
CATER and
Another.

law recover upon the present declaration, there being in proof an express contract of sale. And, because the contract itself is void by force of the 17th sec. of the statute of frauds.

A verdict having been rendered for the plaintiffs, the court is now moved for a new trial, for that the verdict is against law and evidence.

It is not necessary to consider here the questions which arose upon the statute of frauds. This motion must be decided for the defendants upon the other points. The evidence of the contract was not by any means clear and full, but there was enough in proof to show that it was special both as to the price to be paid, and as to the time and manner of payment. Upon these points the cases of Mussen *v.* Price, 4 East, 147; Dutton *v.* Solomonson, 3 Bos. and Pul. 582; Haskins and another *v.* Duperay, 9 East, 498. are clear, and must be decisive of this question. For whether or not the proof of the special contract be such as to preclude a right to recover on the implied promise, the credit upon the sale was extended for ninety days, before which time the plaintiffs, by their contract, having no right to demand payment, could have no right of action to compel payment. Had the action been special for breach of contract in not delivering the bill or note, the question would have been very different, and the plaintiffs might have recovered. But upon this declaration and with the proof which was made, the court erred in not instructing the jury in favor of the defendants.

The verdict is therefore set aside and a new trial granted.

CRAWFORD and CUMMING for plaintiffs.

A. B. LONGSTREET for defendants.